

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5590
Re: Construction of that portion of
Section 2 of H. B. 677, Acts of
the 48th Legislature, R. S.,
relating to taxation of brokers
and factors of real estate.

Your opinion request of September 2, 1943, reads as follows:

"An Act of the 48th Legislature known as House Bill 677, Section 2, amending Sub-Section 7 of Article 7047, Revised Civil Statutes, 1925 - reads as follows:

"'Brokers and Factors. From every person, acting for himself or on behalf of another, engaged in the business or occupation of a Broker or Factor, whether he is principally engaged in such business or not, there shall be collected Ten Dollars ($10) per year. A 'broker' or 'factor', for the purpose of this subsection, is every person who, for another and for a fee, commission or other valuable consideration, rents, buys, sells, or transfers, for actual spot or future delivery, or negotiates purchases or sales or transfers of stocks, bonds, bills of exchange, negotiable paper, promissory notes, bank notes, exchange, bullion, coin, money, real estate, lumber, coal, cotton, grain, horses, cattle, hogs, sheep, produce and merchandise of any kind; whether or not he receives and delivers possession thereof, provided that this subsection shall not apply to a salesman who is employed on a salary or commission basis by not more than one retailer, wholesaler, jobber, or manufacturer, nor shall this subsection apply to or

Hon. Geo. H. Sheppard, page 2

be construed to include persons selling property only as receivers, trustees in bankruptcy, executors, administrators, or persons selling under the order of any Court, or any person who is included within the definition of any other occupation and is paying or subject to the payment of a tax under any other subsection of this Act; however, this exemption shall not apply to any individual engaged in more than one occupation as defined by the other subsection of this Act.'

"Attached herewith is a copy of a letter received from Mr. W. C. Perkins, Executive Secretary of the Texas Real Estate Association, in which he expresses his doubt as to the constitutionality of the above quoted Act, and raises the question of discrimination because salesmen employed by a retailer, wholesaler, jobber or manufacturer are exempt from payment of the tax and real estate salesmen employed on a salary or commission, are not.

"Your opinion is respectfully requested with reference to the following questions:

"1. Is the above quoted Act unconstitutional because it apparently applies to all real estate salesmen employed on a salary or commission and not to a salesman who is employed on a salary or commission basis by not more than one retailer, wholesaler, jobber or manufacturer?

"2. Should the application of the Act be governed by facts pertaining to the actual duties performed by a real estate salesman, rather than whether he is employed on a salary or commission basis?"

Mr. Perkins' letter requests that:

". . . an official ruling be obtained from the Attorney General on the question of real estate salesmen, holding salesman's license, and working only out of one dealer's office, either on a salary or commission basis, not being exempt from payment of the occupation tax under this Act."

Hon. Geo. H. Sheppard, page 3

Since we have decided that Section 2 of H. B. 677 is unconstitutional insofar as it attempts to levy an occupation tax upon brokers and factors of real estate because of a defect in its caption, we shall not attempt to give specific answers to the questions stated in your letter and in that of Mr. Perkins.

Pertinent portions of the caption of H. B. 677 are as follows:

"An Act . . . to amend Subsection 7 of Article 7047, as heretofore amended, so as to provide for an annual Occupation Tax of Ten Dollars ($10) per year to be collected from every 'broker' or 'factor,' defining same, including brokers and factors of all classes, and exempting certain salesmen, and certain other persons; . . . providing that this Act or any portion of this Act shall not levy or be construed as levying any tax on any new occupation or occupations or be construed as levying any increased and/or additional tax of any kind or character whatsoever upon any person, firm, partnership, association and/or corporation; . . ."

Immediately prior to the effective date of H. B. 677 no occupation tax was levied upon brokers and factors of real estate unless such tax was levied by Section 7 of Article 7047, V. A. C. S., which Section read as follows prior to the act under discussion:

"7. Brokers.- Stocks and Bonds. - From every person, firm, association of persons, or corporations, dealing in bonds, and/or stocks, either exclusively or in connection with other business, the sum of Fifty Dollars ($50.00) for each town or city in which such person, firm, association or corporation maintains an office. For the purpose of this Act, every person, firm, association of persons, or corporation whose business it is to negotiate purchases or sales of stocks, bonds, exchange, bullion, coin, money, bank notes, promissory notes, produce or merchandise, or anything else for sale, for others, shall be regarded as a broker. Acts 1897, 1st C.S., p. 49; Acts 1931, 42nd Leg., p. 355, ch. 212, § 1."

Hon. Geo. H. Sheppard, page 4

In our Opinion No. 0-4287 we held that this Section levied an occupation tax only upon stock and bond brokers of the type therein described and that the second sentence of said Section in no way authorized the levying of an occupation tax upon brokers of drugs, food products and other merchandise. In the course of this opinion we said with respect to the second sentence of this Section:  "It was not intended to extend the subjects taxed in the first sentence of Section 7." In conformity with this opinion we are constrained to hold that no occupation tax was levied upon real estate brokers and factors prior to the passage of H. B. 677, and thus that H. B. 677 does purport to levy a tax upon an occupation not heretofore subject to such tax.

Section 35 of Article III of the Texas Constitution provides:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title.  But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

As was said in Donaldson v. State ex rel. Janes, 161 S. W. (2d) 324 (error refused), the purpose of this section is to apprise legislators of the contents of bills, to the end that surprise and fraud in legislation may be prevented. Moreover, as was held by the Court of Criminal Appeals in De Silvia v. State, 229 S. W. 542, a statute is violative of this section if the title is misleading; and, as was said in Quinn v. H. O. L. C., 125 S. W. (2d) 1063 (dismissed), if the caption specifies the nature of a proposed amendment to an existing statute, the body of the amendment must conform thereto, and any change attempted in any other respect is void.

Insofar as H. B. 677 attempts to levy an occupation tax upon brokers and factors of real estate we feel that it runs counter to all of these principles.  A perusal of the

Hon. Geo. H. Sheppard, page 5

caption of this act would serve to lull a legislator or any other interested person into the belief that the act imposed no new taxes and would in no way apprise such person of the attempt to levy a tax upon an occupation not heretofore sub- ject to an occupation tax. The caption is misleading; patently the body of the act varies from the nature of the act as stated in its caption.

Consequently, you are respectfully advised that insofar as H. B. 677 attempts to levy an occupation tax upon brokers and factors of real estate said act is violative of Section 35 of Article III of our Constitution, and that such tax is void. This opinion in no way passes upon the validity of those portions of H. B. 677 which purport to tax occupations other than that of a real estate broker or factor.

Trusting that the foregoing fully answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead
R. Dean Moorhead
Assistant

RDM:AMM

APPROVED SEP 21, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN